**ALLEN v. RIVER TERMINAL RY. CO.**
**Civil No. 27112.**

United States District Court
N. D. Ohio, E. D.
May 23, 1950.

Clinton J. Wall, Youngstown, Ohio, for plaintiff.

Luther Day, Earl W. LeFever, Arthur J. Gentholts, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a wrongful death action now before the Court for consideration of defendant's objections to certain interrogatories.

The objections to Interrogatories 8, 9, 10, 11, 17 and 20 must be sustained. Documents and copies thereof cannot be ob-

tained by use of Rule 33, Fed.Rules Civ. Proc., 28 U.S.C.A. Plaintiff must first satisfy the stricter requirements of Rule 34 before this Court can order production.

Interrogatory No. 10 asks whether any reports were made by defendant to the Interstate Commerce Commission, any agency of Ohio, or others. Defendant claims that the term "or others" is so comprehensive that it would include reports made by defendant to its own counsel which reports are privileged. Perhaps the contents of such reports to counsel are privileged but I do not believe the privilege extends to the fact that reports were made. Defendant should give plaintiff the names of the others to whom reports were made. This ruling is not a finding that the report must be produced, and the consideration of privilege, if any, must await plaintiff's motion under Rule 34.

Interrogatory No. 19 asks for the contents of reports made by physicians to defendant. The rule that documents may not be discovered by use of Rule 33 has an exception in permitting the discovery of contents of doctors' reports by use of Rule 33.

The objections will be sustained with the one exception noted above.